PEOPLE v HUNTER

1. CRIMINAL LAW—CONSTITUTIONAL LAW—SELF-INCRIMINATION—FAILURE TO TESTIFY—JUDGE'S QUESTION—STATUTES.

It was not per se reversible error for the trial judge, prompted by something said in a previous off-the-record conference, to ask defense counsel in the presence of the jury whether the defendant was going to testify, nor did the question violate the statute which proscribes making adverse comment on a defendant's failure to take the stand (MCLA 600.2159).

2. CRIMINAL LAW—CONSTITUTIONAL LAW—SELF INCRIMINATION—DEFENDANT TESTIFYING—COERCION.

A defendant was not coerced into waiving his constitutional privilege against self-incrimination by the trial court's inquiry as to whether the defendant would testify where the defendant neither objected nor moved for a mistrial after the inquiry, and where the trial judge, outside the presence of the jury, made it abundantly clear that defendant was not obligated to testify and even suggested to the defendant that his criminal record would probably be brought out on cross-examination.

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 2 February 7, 1973, at Lansing. (Docket No. 13990.) Decided March 29, 1973.

Charles Hunter was convicted of armed robbery. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 356, 366.
[1, 2] 53 Am Jur, Trial §§ 699–701.
[2] 21 Am Jur 2d, Criminal Law §§ 357–359.

Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Elliot S. Hall,* for defendant on appeal.

Before: BRONSON, P. J., and FITZGERALD and O'HARA,* JJ.

PER CURIAM. Defendant Charles Hunter was found guilty by a recorder's court jury of the crime of armed robbery, MCLA 750.529; MSA 28.797, and sentenced to 7-1/2 to 15 years in prison.

On this appeal by leave defendant asserts (1) that the trial court erred reversibly when it asked defense counsel in the presence of the jury whether defendant intended to testify in the cause at bar, and (2) that he was coerced into taking the witness stand by virtue of the trial court's query in this regard.

In support of these assignments of error he cites this exchange between defense counsel and the trial judge:

*"The Court:* Mr. Domzalski, after conference with the attorneys, it is my understanding at this time that you have advised the defendant of the various rights he has, and *what is his decision as far as testifying in this matter?* (Emphasis ours.)

*"Mr. Domzalski:* I'm sorry, I didn't quite get all of that.

*"The Court: What is the defendant's decision as far as testifying?* (Emphasis ours.)

*"Mr. Domzalski:* As far as the defendant's decision as to testifying?

*"The Court:* What did you just inform this court?

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*Mr. Domzalski:* I informed this court that it is very likely that I am going to put the witness on the stand, but depending upon the progess *[sic]* of the—

"*The Court:* Well, I will—

"*Mr. Domzalski:* I will exercise my rights as to the motions, argument before the court in the absence of the jury."

We have no way of knowing what was said in the previous off-the-record conferences between the trial judge and the respective counsel. Obviously, something was said that prompted the trial judge to ask for an answer to the question of whether or not defendant was to testify. While this may have been error, the question per se was not reversibly erroneous under *Griffin v California,* 380 US 609; 85 S Ct 1229; 14 L Ed 2d 106 (1965), or the statute[1] which proscribes making adverse comment on a defendant's failure to take the witness stand.

When the entire record is reviewed the conclusion is inescapable that defendant was not coerced into waiving his privilege against self-incrimination by the trial court's inquiry as to whether or not defendant would exercise his Fifth Amendment rights or take the stand. First, we cannot ignore the fact that after the trial judge made his inquiry, defendant neither objected nor moved for a mistrial. The failure to object and the absence of a motion for a mistrial are indicative of a lack of coercion. We also note that when defendant subsequently made known his desire to take the stand the trial judge, outside the presence of the jury, made it abundantly clear that defendant was not obligated to testify and he even suggested to the defendant that his criminal record would probably be brought out on cross-examination. We conclude that defendant's decision to take the stand was a

---

[1] MCLA 600.2159; MSA 27A.2159.

matter of sound trial strategy arrived at only after careful consideration of the competing considerations. This is borne out by the following colloquy out of the presence of the jury:

"*The Court:* Alright. Is the defendant going to take the stand?

"*Mr. Domzalski:* Yes, he will.

"*The Court:* Have the defendant come forward.

"*Mr. Domzalski:* I have another witness before—

"*The Court:* Alright, have the defendant come forward. Does the defendant have a record?

"*Mr. Domzalski:* He does. He has three convictions.

"*The Court:* Charles Hunter, you know you don't have to take the stand on your own behalf if you don't want to?

"*Mr. Domzalski:* I advised him—

"*The Court:* But you decided at this time to take the stand.

"*Mr. Domzalski:* I advised him I want him to take the stand.

"*The Court:* To tell his story.

"*Mr. Domzalski:* And I feel very strongly about it, and he feels very strongly about it; there is no question about him having committed the offenses. And he is paying the price for them, but he does not want to be tagged, to use the vernacular term, for something he believes he is not guilty of.

"*The Court:* Alright.

"*Mr. Domzalski:* And he wants to tell the court—

"*The Court:* He is entitled to take the stand if he wants to.

"*Mr. Domzalski:* Yes, I so advised him and he wants to tell the court.

"*The Court:* Alright, that's all I want to know.

"*Mr. Domzalski:* Is that correct?

"*The Defendant: That is correct.*" (Emphasis supplied.)

There being no reversible error, we affirm.